## JIN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOANN DAVIS** | : | |
| **2415 S. Rosella Street** | : | |
| **Philadelphia , PA 19153** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | **NO.** |
| | : | |
| **v.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **A.I.J.J. ENTERPRISES  INC.,  d/b/a** | : | |
| **RAINBOW SHOPS** | : | |
| **1000 Pennsylvania Avenue** | : | |
| **Brooklyn, NYC, NY 11207** | : | |
| **Defendant** | : | |
| | : | **COMPLAINT** |

1.          Plaintiff Joann Davis a/k/a  Joann Gooding  is a female who has being

discriminated against in terms of pay as a result of her  sex, having repeatedly retaliated

complained that she should be paid equally consistent with payments to comparably-situated

males at A.I.J.J. Enterprises Inc, d/b/a Rainbow Shops.  She has been subjected to a hostile

and illegal working environment in terms of unequal pay which pervades Rainbow Shops, all

of which is countenanced and supported by management. While she has been a long-term

employee and has been promoted to being a District Manager, management has heaped more

and more responsibility on her while  males in a comparable  and even lesser positions make

more. After complaining of this discrimination internally and validating what has taken place

with respect to her, Ms. Davis  filed a charge of discrimination with the EEOC. Ms. Davis

now seeks to recover compensatory and punitive damages pursuant to 42 U.S.C. § 1981,

Title VII of the Civil Rights Act of 1964, and the Pennsylvania Human Relations Act

("PHRA"), 43 P.S. §951 *et seq.* in addition to seeking to recover damages under the Equal

Pay Act of 1963, as amended, (Pub. L. 88-38)  and the Lilly Ledbetter Fair Pay Act of 2009

(Pub. L. No: 111-2, 01/29/2009) To this day, Plaintiff remains a victim of discrimination, the

terms and conditions of her work barring her from the kind of pay and career advancement

that she deserves.

## **PARTIES**

2.      Plaintiff Joann Davis a/k/a Joann Gooding ("Ms. Davis" or "Plaintiff") is an adult

female born on August 31, 1971 residing in the city Philadelphia, Pennsylvania.  She utilizes

"Joann Davis" as her maiden name. She was initially hired by Defendant in 1992 and remains

employed at the present time in Defendant's Philadelphia region. As a female individual over 40,

as well as having other protected characteristics, she is a member of various protected categories

of individuals under pertinent civil rights statutes.

3.      Defendant A.I.J.J. Enterprises Inc., d/b/a Rainbow Shops ("Defendant" or

"Rainbow" ) is a privately held American retail chain, one of the leading "fast fashion" retailers

in the U.S. drawing inspiration from new trends exemplified by A-list celebrities. While

headquartered in Brooklyn, NY it does business in the Philadelphia region where Plaintiff is

District Manager. Rainbow operates approximately 1000 stores throughout the US in addition to

maintaining an online store. It employs approximately 10,000 employees.   Rainbow is an

employer as defined by Title VII and the PHRA.

4.      At all relevant times hereto, Defendant acted by and through its duly authorized

actual and/or apparent agents and employees acting within the course and scope of their actual

and/or apparent agency and employment.

2

## JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction over the subject matter of Plaintiff's claims under federal law pursuant to 28 U.S.C. §1331.

6.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because the state claims and federal claims are so interrelated that they form part of the same case or controversy under Article III of the United States Constitution.

7.      Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. §1391(b) and (c) since Plaintiff  resides in the Eastern District of Pennsylvania, Defendant does business there, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania.

## FULFILLMENT OF TITLE VII CONDITIONS

8.       Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII and PHRA.  Plaintiff dual-filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRA") on or about June 30, 2018.

9.      The EEOC issued a Right to Sue letter to the Plaintiff on March 29, 2021, and this lawsuit is brought within ninety (90) days of receipt  of the Right to Sue letter

## FACTUAL ASSERTIONS

11.     As set forth in her EEOC charge, during the course of her employment Plaintiff checked boxes for race, color, sex, retaliation and age  claiming that the discrimination has been continuing up to and through then filing of her EEOC charge. The substance of her charge was that she was discriminated against "particularly as a result of my being female", stating that "while I am not a manager, I am paid a great deal less than other managers and have greater

3

work requirements." Accordingly, this law suit focuses on pay discrimination on account of Plaintiff's being a female and for the retaliation she has experienced as a result of raising this claim from the period of 300 days prior to her filing her charge ( September 3, 2017) up to the present time. Any dates referenced before September 3, 2017  are done for purposes of depicting Defendant's hostile working environment and its system, motive and intent when it came to pay discrimination.

12.     Plaintiff has a history of good reviews and promotion with increasing responsibility over almost 30 years with Rainbow since starting as a sales person on December 14, 1992 in Rainbow's store #309 located in Philadelphia on Woodland Ave. Within a year of her start date she was elevated to acting assistant store manager.

13.     In 2011  Plaintiff  was promoted to District Manager for District #27 which comprises all of Rainbow's Philadelphia and South Jersey stores. At first, she was responsible for 8 stores which grew to 12 within several months, then 14 after several more months and finally to 17 stores. With the promotion she was awarded $100 a week more in pay. Notwithstanding,  she was only making $47,000 annually,  This was less than other male district managers and in some cases less than individual store managers.

14.     For the period September 2017 through December 2017 (coinciding with the 300 days prior to her charge filing) her gross pay was $17,648. For the entire 2017 year her gross pay was $57,397.During this time, Plaintiff was informed by co-workers that other district managers, even store managers,  were making more she was and that she did not get the same pay as a result of being female.  At the time District Managers were being paid between $73,276 and $78,748 according to information accumulated by third parties with respect to payment levels at Rainbow.  Plaintiff now understands that a starting salary for a district manager is $76,000 with

others making more. Plaintiff believes that males  with less tenure than she has are making more than Plaintiff is making.

15.     For the year 2018, Plaintiff's gross pay was approximately $68,692.

16.     For the year 2019 Plaintiff's gross pay was approximately $80,459.

17.     For the year 2020, Plaintiff's gross pay was approximately $85,861.

18.     For the period of January 1, 2021 through May 31, 2021 Plaintiff's gross pay was approximately $40,944.00

19      On May 14, 2019 Plaintiff was asked  by Rainbow VP Harzem  how much she was making. Given her response, he recognized that she was underpaid and told her that he would take care of the situation. Moreover, he wanted her to take over more stores and more responsibilities despite the fact that she had the highest sales stores and busies stores, short of staff and in some cases in dangerous areas.    Her pay was increased by $7,000 and months later increased by $7,000. She was responsible for 17 stores when she was just previously responsible for 15. Notwithstanding, her 2018 yearly gross wages were $68,692, less than the pay of comparable male district managers.  Plaintiff was also told by others that she was being paid less than male store and district managers

20.     Plaintiff last received a pay increase in 2019 of $5,000.  In March or April of 2021 she asked her superior for a raise and was told that she would not be getting a raise as previously she had 18 stores and was only then at 15 stores. However, Plaintiff has since opened another store so that makes her total of 16. Plaintiff is aware of the fact that other District Managers who make more than she does, have been responsible for  fewer stores

21.     On March 23, 2020, Defendant closed all of its stores as a result of COVID-19. During this time, Plaintiff worked in the warehouse until stores were reopened , going so far as

5

to personally pick up employees and transport them to the warehouse. Plaintiff also experienced

Defendant's being shorthanded the necessary staff. This increased Plaintiff's responsibilities

Notwithstanding,  Defendant took deductions from her pay an d did not provide her customary

car allowance. After Plaintiff complained, she was able to recoup the deductions and car

allowance.  The stores reopened the first week of June and Plaintiff has been affected by

Defendant's being shorthanded, thus taking on more responsibility

      22.     Plaintiff has also learned that others have sued over discrimination when it comes

to pay. This included Ms. Rosa Santiago who was a District Manager for approximately 17 years

making only $52,000.

## COUNT I
### DISCRIMINATION, MAINTENANCE OF A HOSTILE WORK ENVIRONMENT AND UNEQUAL PAYMENT PRACTICES IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000e *et seq*

      23.     Plaintiff restates and realleges all previous paragraphs as though fully set forth

herein.

      24.     Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.* as amended by

the Civil Rights Act of 1991 ("Title VII), makes it unlawful for employers to discriminate

against any individual in the terms, conditions, or privileges of employment on the basis of race

or sex.

      25.     On January 29, 2009, President Obama signed into law the Lilly Ledbetter Fair

Pay Act of 2009 overturning a Supreme Court decision which severely restricted the time period

for filing complaints of employment discrimination concerning compensation upholding the

EEOC's longstanding position that each paycheck that contains discriminatory compensation is a

separate violation regardless of when the discrimination began.  Differences in pay that occur because of sex  violate Title VII of the Civil Rights act of 1964, as amended.

26.     Discrimination on the basis of race or sex that creates an abusive and hostile work environment, such that the conditions of employment are altered, is actionable under Title VII as discrimination. In order to establish a hostile work environment, five factual elements must be established: (1) that the employee suffered intentional discrimination because of his or her race or sex; (2) that the discrimination detrimentally affected him or her; (3) that the discrimination was pervasive and regular; (4) that the discrimination would detrimentally affect a reasonable person in the same position as the employee; and (5) that respondeat superior liability exists. In the totality of circumstances, the foregoing five elements are established.

27.     Plaintiff  has complained of discriminatory treatment with respect to pay and a hostile work environment.

28.     Defendant is liable for discrimination alleged herein under the doctrine of *respondeat superior* due to the actions and statements of its managers and employees.

29.     Defendant is liable for the acts of management and Plaintiff's co-workers, because it knew of the existence of a discriminatory and a hostile work environment, but allowed the illegal acts and practices to continue.

30.     Defendant is liable for the acts alleged herein because of its culture of encouraging racial discrimination, harassment and retaliation.

31.     Based upon the foregoing facts, Defendant has discriminated against Plaintiff on the basis of her sex and retaliated against her for standing up for herself, in deprivation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq. as amended.*

32.     Defendant unlawfully retaliated against Plaintiff for filing charges with the EEOC and the Pennsylvania Human Relations Commission.

33.     The described unlawful employment practices by Defendant were intentional, deliberate, willful and were with malice or reckless indifference to Plaintiff's rights protected by the laws of the United States, as well as the laws of the Commonwealth of Pennsylvania.

34.     By reason of Defendant's discrimination, retaliation and maintenance of a hostile work environment, Plaintiff is entitled to all legal and equitable remedies available.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant and requests an award of damages including, but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss, punitive damages, reasonable attorneys' fees and costs, and other relief as permitted under the law and as this Court deems just and proper.

## COUNT II

### DISCRIMINATION AND MAINTENANCE OF A HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

35.     Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

36.     This claim arises under the Pennsylvania Human Relations Act ("PHRA"). The Pennsylvania Human Relations Act, 43 P.S. § 955 *et seq.*, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex and age. More than one year has passed since Plaintiff's dual filing of a charge with EEOC and the Pennsylvania Human Relations Commission. .

37.     Plaintiff, as a female is in a protected class when it comes to discrimination. and a

38.     Based upon the foregoing facts, Defendant has discriminated against Plaintiff and has deprived her of her rights in violation of the Pennsylvania Human Relations Act, 43 P.S. § 955 *et. seq.*

39.     The effect of the aforementioned practices has been to deprive Plaintiff of equal employment opportunities and adversely affect her status as an employee.

40.     Sex discrimination that creates an abusive and hostile work environment, such that the conditions of employment are altered, is actionable under the Pennsylvania Human Relations Act.

41.     With respect to allegations of discrimination, Defendant is liable for the acts of its supervisory and management employees, because the harassers and those who effectuated the discrimination used their actual or apparent authority to further the unlawful conduct, and were otherwise aided in accomplishing the unlawful conduct by the existence of an agency relationship.

42.     Defendant is liable for the acts alleged herein because its managers and supervisors established its corporate culture which encouraged racial discrimination as well as a hostile work environment.

43.     The described unlawful employment practices and actions by Defendant were intentional and were done with malice or reckless indifference to Plaintiff's rights protected by the laws of the Commonwealth of Pennsylvania.  These unlawful acts were committed because of her sex  as well as the fact that she stood up for herself and others in opposition to illegal practices directed against her and them.

44.     By reason of Defendant's discrimination and maintenance of a hostile work environment, Plaintiff is entitled to all legal and equitable remedies available.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant and requests an award of damages including, but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss, punitive damages, reasonable attorneys' fees and costs, and other relief as permitted under the law and as this Court deems just and proper.

## COUNT III

### WAGE DISCRIMINATION IN EMPLOYMENT
### IN VIOLATION OF THE EQUAL PAY ACT OF 1963

45.     The Equal Pay Act of 1963, as amended (Pub. L. 88-38) (amending the Fair Labor Standards Act) prohibits discrimination on account of sex in the payment of wages by employers engaged in commerce or in the production of goods for commerce.

46.     Section 206 [Section 6} of the Equal Pay Act at (d)(1) specifically states that "No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which the employer pays wages to employees of the opposite sex in such establishment for equal work on jobs, the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

47.     The Equal Pay Act of 1963 prohibits the kind of sex-based wage discrimination between men and women in the same establishment who perform jobs that require substantially equal skill, effort, and responsibility under similar working conditions that Plaintiff has experienced.

48.     Defendant is engaged in commerce and subject to the act.

10

49.     As described hereinbefore, Plaintiff has been discriminated against in terms of pay, when other males with less tenure perform the same District Manager position and even lesser positions  and are paid more.

50.     District Manager  functions are virtually the same, requiring equal skill, effort, responsibility and are performed under similar working conditions. Notwithstanding, Plaintiff has been required to manage more stores than other male District Managers.

51.     Defendant is liable for discrimination alleged herein under the doctrine of *respondeat superior* due to the hostile work environment created by the actions and statements of its Board, CEO, managers and employees.

52.     Defendant is liable for the acts of its Board, CEO, its management, and co-workers, because it knew of their proclivities when it came to unequal pay discrimination towards Plaintiff, but did nothing about it.

53.     Pay discrimination detrimentally affected Plaintiff and made her suffer damages.

54.      Defendant is liable for the acts alleged herein because its Board and managers established the corporate culture, which encouraged pay discrimination, harassment and retaliation, as well as other forms of discrimination.

55.     Based upon the foregoing facts, Defendant has discriminated against Plaintiff on in terms of pay and retaliated against her for standing up for herself, and has deprived her of her rights in violation of The Equal Pay Act of 1963.

56.     As a result of such conduct by Defendant, Plaintiff has suffered damages and is entitled to back pay, compensatory damages and award of legal fees suffered by her as a consequence of Defendant's illegal conduct.

57.     The described unlawful employment practices by Defendant were intentional and were done with malice or reckless indifference to Plaintiff's rights protected by the Equal Pay Act

58.     The effect of the aforementioned practices has been to deprive Plaintiff of equal employment opportunities and adversely affect her status as an employee.

59.     By reason of Defendant's discrimination, the named Plaintiff is entitled to all legal and equitable remedies available.

## JURY DEMAND

The Plaintiff demands a trial by jury of eight on all issues triable by a jury.

## CERTIFICATION

I hereby certify that Plaintiff has not brought a similar or related lawsuit encompassing the claims brought in this matter.

Respectfully Submitted,

**MARK D. SCHWARTZ, ESQUIRE**

By: /s/Mark D. Schwartz
Mark D. Schwartz, Esquire (Pa ID #30527)
300 Sandcastle Drive
BRYN MAWR, PA 19010
Telephone & Fax 610 525-5534
Markschwartz6814@gmail.com

**THE PEARLMAN LAW FIRM, PLLC**

By: /s/ Jason L. Pearlman
Jason L. Pearlman, Esquire (Pa ID #93879)
Two Bala Plaza, Suite 300
Bala Cynwyd, PA 19004
610-660-7793
jpearlman@pearlmanlawfirm.com
*Attorneys for Plaintiff Joann Davis*

DATED:  June 25, 2021

12