IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOANN DAVIS,** *Plaintiff,* v. **A.I.J.J. ENTERPRISES, INC. d/b/a RAINBOW SHOPS,** *Defendant.* | Case No. 2:21-cv-02829-JDW |

## MEMORANDUM

When employees and employers negotiate employment terms, it is often the case that an employer holds most, if not all, of the cards. Much of the time, employers present employees and potential employees with terms of employment on a take-it-or-leave-it basis. And, understandably, most employees take the offer rather than looking for a new job with better terms. But an employer's my-way-or-the-highway approach to such negotiations does not constitute economic duress or render the resulting at will employment contract unenforceable. When A.I.J.J. Enterprises, Inc. told Joann Davis that she had to agree to arbitrate disputes to remain a company employee, it certainly took an aggressive approach to its relationship with its employee. But it did not do anything unlawful that would render the resulting arbitration agreement unenforceable. The Court will hold Ms. Davis to her bargain and compel arbitration of this case.

I. **BACKGROUND**

Ms. Davis has worked for AIJJ in various capacities since 1992. On October 17, 2014, Ms. Davis signed an Acknowledgment that she had read AIJJ's Employee Handbook. The Acknowledgment states that employment with AIJJ is "at will, and that either [the employee] or [AIJJ] may end [the employee's] employment at any time and for any reason." (ECF 4-2.) The Acknowledgment also contains an Arbitration Agreement. It provides that "any claim relating to [the employee's] employment, include wage and compensation claims . . . shall be resolved through arbitration." (*Id.*)

Ms. Davis filed suit on June 25, 2021. She alleges that AIJJ paid her less than her co-workers because of her gender and then retaliated against her when she complained. On September 21, 2021, AIJJ moved to compel arbitration or to dismiss the Complaint. The next day, the Court denied AIJJ's motion without prejudice because the agreement to arbitrate was not apparent on the face of the Complaint. The Court authorized discovery on the issue of arbitration. On December 10, 2021, AIJJ filed a renewed motion asking the Court to compel arbitration or dismiss the complaint. The Motion is now ripe.

II. **LEGAL STANDARD**

In ruling on a motion to compel arbitration, a district court must determine whether the defense of arbitrability is apparent on the face of a complaint or whether the resolution of the motion requires the Court to consider facts outside the complaint. In the former scenario, the Court should apply a standard for a

motion to dismiss under Fed. R. Civ. P. 12(b)(6), whereas in the latter scenario, the Court should apply the standard for a motion for summary judgment under Fed. R. Civ. P. 56. *See Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 773–74 (3d Cir. 2013). Here, the Complaint does not reference the arbitration agreement. AIJJ Enterprises placed it before the Court as an exhibit to its motion. Therefore, the Court considers the motion under the summary judgment standard.

Federal Rule of Civil Procedure 56(a) permits a party to seek, and a court to enter, summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In ruling on a summary judgment motion, a court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quotation omitted). However, "[t]he non-moving party may not merely deny the allegations in the moving party's pleadings; instead he must show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citation omitted).

### III. DISCUSSION

#### A. Arbitration Agreement

The Federal Arbitration Act renders arbitration agreements "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Act's principal purpose "is to ensure that private arbitration agreements are enforced according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (quotations omitted). Supreme Court precedent compels district courts to "rigorously" enforce agreements to arbitrate. *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621, (2018) (citation omitted). An issue is subject to arbitration if the Parties have a valid agreement to arbitrate and the issue is within the scope of that agreement. *See Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005). However, courts may invalidate arbitration agreements based upon generally applicable contract defenses, such as fraud, duress, or unconscionability. *See* 9 U.S.C. § 2; *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996); *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 179 (3d Cir. 1999).

The Parties do not dispute the existence of the Arbitration Agreement or that Ms. Davis's claims fall within the scope of that agreement. But Ms. Davis asks the Court to invalidate the Arbitration Agreement because she signed it under "extreme duress." (ECF No. 8-1 ¶ 3.) She alleges that AIJJ told her that if she failed to sign the Arbitration Agreement, she "would be terminated from [her] job." (*Id.* ¶ 4.)

Both Parties assume Pennsylvania law applies, so the Court does too. Under Pennsylvania law, economic duress exists "whenever one person, *by the unlawful act of another*, is induced to enter into contractual relations under such circumstances as to indicate that he has been deprived of the exercise of free will." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 911 (3d Cir. 1985) (emphasis in original) (citing *Litten v. Jonathan Logan, Inc.*, 286 A.2d 913, 917–18 (1977)). Economic duress occurs only when the employer causes the duress. For example, if any employer manipulates an employee's finances or gives the employee a very short amount of review time in order to force the employee to sign an arbitration agreement. *See, e.g., Litten*, 286 A.2d at 917 ("the final and potentially fatal blow was prepared by defendant, which by its actions created the situation which left plaintiffs with no alternative but to sign the contract as written"); *Brennan v. FSD Pharma Inc.*, No. CV 21-3771, 2021 WL 5882115, at *6 (E.D. Pa. Dec. 13, 2021); *Hopkins v. NewDay Fin, LLC*, 2008 WL 2654635, at *2, E.D. Pa. June 30, 2008. While a threat of termination is an act by an employer, it is not unlawful in at will employment situations where employers may terminate employees if they cannot agree on employment terms. *See Brennan*, 2021 WL 5882115, at *6 (citing *Harsco*, 779 F.2d at 911–12). An employer's threat to a job does not create duress just because the employee needs the job to support her family. *See Harsco*, 779 F.2d at 911; *see also Marotta v. Toll Bros.*, No. CIV.A. 09-2328, 2010 WL 744174, at *4 (E.D. Pa. Mar. 3, 2010).

5

The only evidence Ms. Davis presents to the Court is that AIJJ threatened to fire her if she did not sign the Arbitration Agreement. That is not enough. Ms. Davis presents no evidence that AIJJ attempted to overcome her free will. While Ms. Davis alleges that she was underpaid due to her gender, she has not alleged or presented any evidence that she AIJJ economically manipulated her in a way that forced her to sign the Arbitration Agreement. These facts fall far short of those in *Litten*, where the defendant put plaintiffs into such "an inextricable financial crisis that plaintiffs were compelled to sign the written contracts" or go into bankruptcy. *See Litten*, 286 A.2d at 917. AIJJ's threat to fire Ms. Davis from at will employment if she did not sign the Arbitration Agreement, without more, does not constitute duress.

### B.   Case Status

Under Section 3 of the FAA, if a suit is brought on an issue referable to arbitration, then the court hearing the case "shall . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3; *see also Lloyd v. Hovensa, LLC*, 369 F.3d 263, 269 (3d Cir. 2004) ("[T]he statute clearly states, without exception, that whenever suit is brought on an arbitrable claim, the Court 'shall' upon application stay the litigation until arbitration has been concluded."). Ms. Davis has requested that the Court retain jurisdiction, which the Court construes as a request to stay the case. Accordingly, the Court will stay this case while the Parties pursue arbitration.

## IV.  CONCLUSION

Ms. Davis agreed to arbitrate all claims relating to her employment, including wage and compensation claims, and that's what she's asserting in this case. She must live by her bargain, so the Court will grant the Motion and compel arbitration. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

January 21, 2022